UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOSEPH A. OLESH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 2:05-CV-341-PPS |
| v. | ) | |
| | ) | |
| CORN PRODUCTS INT'L, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| ---------------------------------------------------- | ) | |
| CORN PRODUCTS INT'L, INC. | ) | |
| | ) | |
| Defendants-Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ACH FOOD COMPANIES, INC. and | ) | |
| LORRAINE SYKES, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Joseph Olesh filed this action after he was allegedly struck by a hit-and-run driver while he was standing in the parking lot shared by Corn Products International and ACH Food Companies in Bedford Park, Illinois. Olesh sued Corn Products, the owner of the lot, for failing to make the lot reasonably safe. Then Corn Products turned around and filed a third-party complaint for contribution against ACH Food Companies, Olesh's employer, and Lorraine Sykes, another ACH employee who was allegedly driving the car that hit Olesh. Before the Court is Sykes' motion to dismiss the third party complaint. [Docket No. 39.] For the reasons that follow, Sykes' motion is denied.

### I. BACKGROUND

Joseph A. Olesh sued Corn Products for injuries allegedly sustained in a hit-and-run

accident on April 7, 2005 in the parking lot at 6400 South Archer Road in Bedford Park, Illinois. (Corn Prod. Compl. at 1.)  Corn Products admits that it owns that lot (Answer at ¶ 5), but denies that Olesh's injuries were the product of its negligence in failing to make the lot safe.  (Answer at ¶ 8.)

In its third-party claim for contribution, Corn Products alleges that it had an agreement that allowed ACH Food Companies to access and use the parking lot (Corn Prod. Compl. at 2). According to Corn Products, ACH had a duty to share in "the expenses, management and maintenance of the parking lot in a reasonably safe condition," as well as a "duty to provide its employees with a safe means of egress to and from its employment."  (*Id*.)  Corn Products asserts that Olesh was an employee of ACH at the time of the accident, that Olesh was injured in the course of his employment, and that ACH was negligent in its duty to make the parking lot safe for its employees.  (*Id*. at 2-3.)  It further alleges that Lorraine Sykes was the driver of the vehicle believed to have struck Olesh, and that she was negligent in operating her vehicle.  (*Id*. at 4-6.)  Although Corn Products alleges that Lorraine Sykes was an employee of ACH and had access to the parking lot where the accident occurred (*Id.* at 4), it does not allege that Sykes was acting within the scope of her employment at the time of the accident.

Sykes now moves to dismiss Corn Products' claim for contribution against her, arguing that Illinois law prohibits a third-party plaintiff from suing a plaintiff's co-employee for contribution where the plaintiff's injuries arise in the course of his employment.  (Mot. at 3.) Alternatively, Sykes argues that if Indiana law applies, the claim should be dismissed because Indiana does not recognize any action for contribution between joint tortfeasors.

2

## II.  DISCUSSION

### A. Standard

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  On a motion to dismiss, a district court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in favor of the plaintiff.  *Moranski v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005).  Dismissal is only appropriate if it appears beyond doubt from a reading of the complaint that the plaintiff can prove no set of facts that would entitle him to relief. *Hernandez v. City of Goshen, Ind.,* 324 F.3d 535, 537 (7th Cir. 2003).

### B. Choice of Law

Since Illinois and Indiana differ in their treatment of suits for contribution against the employer and co-employee of an injured plaintiff, the Court must decide at the outset which law applies.  *See Int'l Adm'rs, Inc. v. Life Ins. Co. of N. Am.*, 753 F.2d 1373, 1376 n.4 (7th Cir. 1985) ("Conflicts rules are appealed to only when a difference in law will make a difference to the outcome.").  In a diversity case, the forum state's choice of law principles determine the applicable substantive law.  *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Thus, we apply Indiana choice of law principles here.  Under Indiana choice of law principles for tort cases, the law of the location where the injury occurs (known as *lex loci delicti*) generally controls, although "[a] court should be allowed to evaluate other factors when the place of the tort . . . bears little connection to the legal action."  *Hubbard Mfg. Co. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987).

This case does not present any reason for straying from the general rule, under which Illinois law would apply.  The Illinois parking lot where Olesh was injured is clearly significant

3

in this litigation. Not only did the accident occur in the lot, but Olesh's theory of recovery against Corn Products, and Corn Products' theory of recovery against ACH, revolve around the two companies' duties with respect to maintaining the safety of the lot. Olesh's Indiana residency is apparently the parties' only contact with Indiana, and the parties offer no reason why Indiana law should be applied.

While the place of the underlying tort is not always determinative in a claim for contribution, *see Consol. Rail Corp. v. Allied Corp.*, 882 F.2d 254, 257 (7th Cir. 1989), significant weight is given to a state's "interest in applying the whole of its tort law to include third-party claims generated from the underlying action." *Soo Line Ry. Co. v. Overton*, 992 F.2d 640, 645 (7th Cir. 1993). As the Seventh Circuit has recognized, "it makes little sense to apply Indiana's law regarding contribution to a case involving Illinois tort law." *Miller v. Long-Airdox Co.*, 914 F.2d 976, 979 (7th Cir. 1990). It is sensible to apply Illinois contribution law here given that the locus of the injury is also the parties' place of business or employment. Moreover, Corn Products' theory of liability against ACH and Sykes relies on Illinois tort law, and Sykes' defense relies on Illinois Workers' Compensation law. Therefore, the Court will apply Illinois law.

**C. Analysis**

Sykes argues that, "[u]nder Illinois law, a third-party plaintiff cannot sue the plaintiff's co-employee for contribution, where the plaintiff's injuries arise out of and in the course of his employment, because such actions are barred by the exclusivity provisions of the Illinois Workers' Compensation Act." (Mot. at 3.) This is undoubtedly true. The Illinois Workers' Compensation Act provides that:

> No common law or statutory right to recover damages from the employer . . . or the

4

>agents or employees of [the employer] for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act. . . .

820 ILCS 305/5(a). This section "operates to make workers' compensation benefits the exclusive remedy of an injured employee against a negligent coemployee acting in the course of his or her employment." *Ramsey v. Morrison*, 676 N.E.2d 1304, 1307 (Ill. 1997). It also has been interpreted to bar third-party actions for contribution against a co-employee.[1] *Id.* at 1310.

Nonetheless, without more factual background, it is premature to say definitively that claims against Sykes are barred by the Worker's Compensation Act. In order to fall under the Act, Olesh's injuries had to "aris[e] out of and in the course of" his employment. 820 ILCS 305/2. "In the course of" employment "refers to the time, place and circumstances under which the accident occurred." *Homerding v. Indus. Com'n.*, 765 N.E.2d 1064, 1068 (Ill. App. Ct. 2002). "Arising out of" employment requires an injury's origin to be "connected with, or incidental to, the employment so as to create a causal connection between the employment and the accidental injury." *Id*. "When . . . there is no causal connection between the injury and the character or conditions of the employment, or the employee is injured as a result of his stepping outside the scope of employment, [the] protection of the Act cannot be invoked." *Kochilas v. Indus. Com'n*, 654 N.E.2d 568, 570 (Ill. App. Ct. 1995).

Corn Products alleges in its complaint that Olesh "was an employee of the Third-Party

---

[1] While a coemployee acting in the scope of her employment is immune from both a direct negligence action and a contribution action, an employer's immunity under the Illinois Workers' Compensation Act does not preclude a contribution action against the employer by a third party sued by the injured employee. *Doyle v. Rhodes*, 461 N.E.2d 382, 388 (Ill. 1984) ("[W]e hold that, under the Contribution Act, the employer's immunity from a suit in tort by its employee as plaintiff is not a bar to a claim for contribution against it by a defendant held liable to such a plaintiff.").

5

Defendant, ACH Food Companies, and was injured during the course of his employment." (Compl. at 2.)  Thus, Corn Products appears not to contest that Olesh's injuries "arose out of and in the course of" his employment.

But for the claim against Sykes to be barred by Worker's Compensation Act, Sykes would have had to have been acting within the scope of her employment as well.  *See Ramsey*, 676 N.E.2d at 1307 ("[A]t the time of the accident, Ricky Baker and the plaintiff were employees of Baker's Auto Repair and were acting in the scope of their employment.  Under these circumstances, Ricky Baker, as a coemployee, is immune from a common law negligence suit by the plaintiff pursuant to" the Workers' Compensation Act."); *Flores v. Palmer Mktg., Inc.*, 836 N.E.2d 792, 797 (Ill. App. Ct. 2005) (holding that Section 5(a) of Workers' Compensation Act immunized park district volunteer who was acting within scope of his volunteer role from contribution action on claim filed by injured parks employee); *Burgess v. Erickson*, 218 N.E.2d 111, 113 (Ill. App. Ct. 1966) (fact that coemployee was not allowed to park in lot where accident occurred did not take him out of the scope of his duty, and therefore, he was entitled to immunity under Workers' Compensation statute).

Although the Corn Products complaint alleges that "[a]t all relevant times" Sykes "was an employee of ACH Food Companies and had access to the parking lot where the accident occurred" (Compl. at 4), Corn Products comes short of pleading itself out of court.  The naked fact of Sykes' employment at ACH does not definitively establish that she was acting within the scope of her employment at the time of the accident.  While Sykes argues that "[t]here is really no other reason for Corn Products to aver that Sykes was acting 'at all relevant times . . .' as 'an employee of ACH Food Companies' if Corn Products did not mean to establish Sykes' employment capacity at the time of the accident" (Reply at 3), we do not read complaints with

6

an eye toward eliminating all other possible reasons for a given allegation. For its part, ACH denies that, "at the time of the alleged occurrence, [ ] Lorraine Sykes was in the course and scope of [her] employment" at ACH. (ACH Answer at 3.)

Moreover, there is no information in the Corn Products complaint about the circumstances of the accident that would definitively establish that Sykes was acting within the scope of her employment. Thus, it is premature to dismiss the claim. If, for example, Sykes had left the parking lot on a personal errand and then returned for some non-business reason, she may not have been acting within the scope of her employment. *See Torrence v. DeFrates*, 371 N.E.2d 1281, 1283 (Ill. App. Ct. 1978) (employee who left employer's premises on a personal errand to auto store, returned to the company parking lot to wait while awaiting service at the store, then was involved in auto accident while leaving parking lot, was outside the scope of his employment for purposes of vicarious liability against his employer). Likewise, Sykes would not be immunized by the Act if her actions were committed intentionally. *Valentino v. Hilquist*, 785 N.E.2d 891, 902 (Ill. App. Ct. 2003). Corn Products also suggests that the fact that it, and not ACH, owns the parking lot raises a question of fact about whether an accident in the Corn Products lot falls outside of the scope of both employees' employment. (Resp. at 5.)

Sykes may ultimately be able to prove that she was acting within the scope of her employment, and if she is able to do so, she can quickly file a motion for summary judgment. But the Court needs facts, not supposition, to make that determination. It would be premature to dismiss the suit now in the absence of any evidence on that pivotal issue. The cases cited by Sykes actually support this determination because they concluded that the Workers' Compensation Act operated as a bar only after fact-finding had been conducted. *See Mores-Harvey v. Indus. Com'n*, 804 N.E.2d 1086, 1088 (Ill. App. Ct. 2004) (appeal from Industrial

7

Commission's review of Worker's Compensation hearing); *Sangster v. Keller*, 589 N.E.2d 940, 941-42 (Ill. App. Ct. 1992) (affirming summary judgment); *Burgess*, 218 N.E.2d at 111 (same). For now, Third-Party Plaintiff Corn Products' claim against Sykes goes forward.

### III. CONCLUSION

For the foregoing reasons, Defendant Lorraine Sykes' motion to dismiss [Docket No. 39] is **DENIED**.

**SO ORDERED.**

ENTERED:  June 1, 2007

                                       s/ Philip P. Simon
                                       PHILIP P. SIMON, JUDGE
                                       UNITED STATES DISTRICT COURT